We'll hear the next case, Rivers v. New York City Housing Authority. Good morning, and may it please the Court. Jane Lippman from the New York City Housing Authority Law Department, on behalf of the NYCHA Defendants Appellees. Since Rivers has elected not to argue, there are just a few issues that I would like to discuss briefly. First, the failure of the record evidence to support Rivers' claims, as the District Court correctly found. And I'd just like to highlight some examples of this failure. There is no evidence of personal involvement of any of the NYCHA Defendants in any alleged adverse employment action. There is no evidence that any NYCHA Defendant knew of Rivers' protected activities. No evidence that Chairman Rhea had notice of alleged retaliation against Rivers for engaging in protected activity. And in any event, Rhea did not have final policymaking authority. There is no evidence that Rivers was denied the opportunity to work overtime. It is undisputed that Rivers worked overtime at South Jamaica Houses. And Rivers conceded that he was offered overtime on the weekends, but refused. And there is no evidence that Rivers was denied FMLA leave to care for his mother. And it is undisputed that NYCHA approved intermittent leave for Rivers. Second, with respect to Rivers' argument that the District Court should have considered pre-stipulation conduct as background evidence, I want to emphasize the language of the stipulation of settlement, which Rivers entered into voluntarily while represented by counsel, and which contains a broad waiver of all rights. That doesn't mean that that material isn't relevant as background. This isn't a case where the stipulation specifically says that that material will not be relevant as background. It cannot be a basis of a claim. Now, the problem with Rivers' assertion there is that the District Court did say that it looked at it as background. He says no, but the District Court did in fact say that it looked at it as background. But there's no doubt that it can't be the basis. There's also considerable support for its being background, and the District Court said it looked at it that way. Yes, Your Honor. Yes, the District Court did say that. I would just point out, however, that the waiver in the stipulation of settlement is extremely broad. It's broad, but it's not specific on the question of background, as some other cases have been. That's true, Your Honor. And I would just point out that I'm not aware of any statute or regulation or case law that requires a specific language to be used to waive that particular right. Well, except that a stipulation generally is to settle that case, and that settles that case. That doesn't mean that the events in that case didn't occur, and that's what it means to use as background. So to agree that they shouldn't be used as background, it would be at least reasonable to require the parties to agree not to, because the settlement is to settle that case. It isn't to make what happened disappear. But I don't think it germane in this case, because the District Court did say it looked at it as background. Yes, Your Honor. I would just point out some additional language in the stipulation that it explicitly resolved any and all claims that may have arisen from or were related to the matters addressed in the petition, which Rivers did withdraw with prejudice. And I think the court in Awolese v. Shinseki clearly explained the difference between, on the one hand, using untimely actions to assess liability on a timely Title VII claim versus attempting to use evidence of conduct that was fully resolved in a settlement agreement to assess liability. I have another question. I mean, all you're saying is fine. But the District Court said that the workers, that the allegation of interference with the workers' compensation claim was wrong, because that must be brought under workers' compensation law. But all the cases about that are cases in which a person has brought the workers' compensation claim, and then that is a workers' compensation right to recover. They are not cases where it is said that he has done something else, and in retaliation against that, workers' compensation is being opposed. There's nothing in the workers' compensation law that says that that must be brought there. So I think the District Court erred in that particular, whether that error was sufficient, given your other problems or the other problems this person has. But I think that's an error that the District Court made. And yes, Your Honor, and just to respond to that, we do point out in our brief that the District Court made her exclusivity argument, but that where benefits have ultimately been given under the workers' compensation law, courts have found that it is not an adverse employment action and that it is instead de minimis, because even though the claim was contested, benefits were ultimately awarded. And I would also just add that in this case, the medical documentation showed that Mr. Rivers injured his eye in a swimming pool off the job. I also just want to point out that the court in Noel v. Village of Lake Success held that previously dismissed claims and evidence of those claims are properly excluded under federal rules of evidence 401 and 402, and here Rivers did withdraw his petition with prejudice. And I would also add that there were no settlements or waivers at issue in Jude v. Hamilton-Sunstrand or in Morgan. And in Morgan, Justice Thomas made the observation that Title VII does not bar an employee from using prior untimely acts as background evidence. So clearly Justice Thomas was looking to the statute, to Title VII itself. Thank you. We'll hear from your colleague. Okay. Good morning, Your Honors. Stephen Moldoff for the Union Defendants and Appellees. I just want to pick up on a couple of questions that Judge Calabresi that you asked. First of all, with regard to the background evidence, one of those alleged pieces of background evidence is the termination of Rivers from his business agent position. There's an additional reason why that can't properly be considered, whether it's background evidence or for any other reason. The Supreme Court's decision in Finneran v. Liu, and this Court's decision in Franza v. the Teamsters, explicitly hold that the Union had the unfettered right to terminate Rivers from his business agent position, even if the reason was because he opposed the re-election of Mayor Bloomberg or opposed the election of Mr. Floyd. Case law is clear on that. There is no basis for a claim, so I don't see how it could possibly be considered as pertinent background evidence. In addition, notwithstanding the allegation of the complaint that that termination was the result of a coordinated conspiracy between Mr. Rea for NYCHA and Mr. Floyd for the Union, Rivers was forced to concede in opposition to the summary judgment motions that NYCHA had absolutely nothing to do with that termination and that the Bloomberg administration had nothing to do with that termination. So there's no basis for a conspiracy claim or considering that as a basis for a conspiracy claim, which really emphasizes another point here. If you go through the complaint, the principal theme of the complaint, and this is in many paragraphs of the complaint, is that Mr. Rea and Mr. Floyd got together and concocted a coordinated course of action to retaliate against Mr. Rivers for the engagement of protected activity. According to the complaint that started back in 2007 and 2008, when Mr. Bloomberg, Mayor Bloomberg, and the Union allegedly entered into an agreement which would permit the city to terminate NYCHA employees and the Union would look the other way, and that Mr. Rea implemented that policy in 2007 and 2008. There's the additional allegation that I mentioned before that Mr. Rea and Mr. Floyd coordinated on the termination of Mr. Floyd. The problem with that is Mr. Rea was not even employed by NYCHA until the middle of 2009. That's five months after Mr. Floyd was terminated, years after these alleged terminations of NYCHA employees. And when you look at the evidence, notwithstanding the allegations, which is what the court did, there is no distinction in the terminations of NYCHA employees based upon whether they supported Bloomberg or Candidate Thompson, whether they supported Floyd or opposed Floyd. There's no evidence that the Union treated grievances differently based upon whether somebody supported Floyd or supported Bloomberg or supported Thompson or opposed them. You go through the various instances, and another thing that Rivers criticizes is that Judge Matsumoto made a mistake by going incident by incident rather than looking at everything together, so-called critical mass. What Judge Matsumoto did, I would suggest, is what the courts have done in all the critical mass cases. In each of those cases, the courts have done two things. First, they've gone incident by incident for two purposes. One, to look at whether the alleged conduct could constitute an adverse employment action. And then, to look at the record and say, does the record really substantiate that? That's exactly what Judge Matsumoto did here. She found that some of the alleged events could be an adverse employment action. Denial of overtime, denial of training, denial of leaves, signing excessive work. But then she looked at the record, and she saw that there was nothing to substantiate that that conduct was attributable to a retaliatory conspiracy. Which is why, even if your argument would be, even if the court erred with respect to the workers' compensation, it still would not matter because you'd have to find that link, which she didn't find throughout the case. Correct. And on the workers' compensation issue, Judge Calabresi, there is no evidence whatsoever in the record that the union played any role in the granting or denial or opposition to or support for a workers' compensation claim, or indeed with regard to grant or denial of overtime, leaves, training, et cetera. And the reason why that's critical, and I'm not trying to distance ourselves from NYCHA because we think the entire ruling should be affirmed, but without some evidence of actual union participation in the alleged adverse employment actions, there is no basis for finding 1983 liability on the part of the private party union defendants. Thank you. Thank you. We'll reserve decision.